**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| GORSS MOTELS, INC., a Connecticut corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| Plaintiff, | ) ) | |
| vs. | ) ) | CASE NO: 1:16-CV-00330-JD-SLC |
| BRIGADOON FITNESS INC., an Indiana corporation, and BRIGADOON FINANCIAL, INC., an Indiana corporation, and JOHN DOES 1-5, | ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Brigadoon Fitness Inc. and Brigadoon Financial, Inc. (collectively "Brigadoon"), by counsel, now answer Plaintiff Gorss Motels, Inc. ("Gorss") Class Action Complaint. Pursuant to N.D. Ind. L.R. 10-1, Brigadoon's Complaint allegations are set forth verbatim below, with Brigadoon's response immediately following each allegation.

**PRELIMINARY STATEMENT**

1.    This case challenges Defendants' practice of sending unsolicited facsimiles.

**ANSWER:**    Brigadoon admits that the Complaint purports to challenge the transmission of a single facsimile to Plaintiff. Brigadoon denies the remaining allegations of this paragraph.

2.      The federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 USC § 227 ("JFPA" or the "Act"), and the regulations promulgated under the Act, prohibit a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission.  The JFPA provides a private right of action and provides statutory damages of $500 per violation.  Upon information and belief, Defendants have sent facsimile transmissions of unsolicited advertisements to Plaintiff and the Class in violation of the JFPA, including, but not limited to, the facsimile transmission of an unsolicited advertisement on or about April 7, 2013 ("the Fax"), a true and correct copy of which is attached hereto as Exhibit A, and made a part hereof.  The Fax describes the commercial availability or quality of Defendants' products, goods and services.  Plaintiff is informed and believes, and upon such information and belief avers, that Defendants have sent, and continue to send, unsolicited advertisements via facsimile transmission in violation of the JFPA, including but not limited to those advertisements sent to Plaintiff.

**ANSWER:**   Brigadoon admits that Congress enacted the Telephone Consumer Protection Act ("TCPA"), as amended by the Junk Fax Prevention Act ("JFPA") the language, terms, and conditions of which speak for themselves.  This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Brigadoon refers to the referenced statute for its actual language and complete content and denies the remaining allegations of this paragraph.

3.      Unsolicited faxes damage their recipients.  A junk fax recipient loses the use of its fax machine, paper, and ink toner.  An unsolicited fax wastes the recipient's valuable time that would have been spent on something else.   A junk fax interrupts the recipient's privacy.  Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for

2

authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

**ANSWER:**    This paragraph contains no allegations directed to Brigadoon.    This paragraph also contains legal conclusions to which no response is required.    To the extent a response is required, Brigadoon denies that any of its actions damaged Plaintiff and denies the remaining allegations of this paragraph.

4.    On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the JFPA.  Plaintiff seeks to certify a class including faxes sent to Plaintiff and other advertisements sent without prior opt-out language or without prior express invitation or permission whether sent to Plaintiff or not.

**ANSWER:**    Brigadoon admits that Plaintiff purports to bring this case as a class action asserting claims under the JFPA, but Brigadoon denies that it is liable under the JFPA and denies that this case is appropriate for certification as a class action.  This case cannot be certified as a class action because, among other reasons, there are questions of fact and law, including but not limited to the question of prior consent or permission that must be resolved on an individual basis for Plaintiff and any member of the putative class.   Brigadoon denies the remaining allegations of this paragraph.

5.    Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative facts because the facsimile transmissions at issue were and are being done in the same or similar manner.  This action is based on the same legal theory, namely liability under the JFPA.  This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining Defendants, their employees,

agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the JFPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the JFPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act.

**ANSWER:**    This paragraph states legal conclusions to which no response is required. To the extent a response is required, Brigadoon refers to the referenced statute for its actual language and complete content and otherwise denies the allegations of this paragraph.

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

**ANSWER:**    Brigadoon admits that this Court has subject matter jurisdiction over TCPA claims generally.    However, Plaintiff has suffered no actual injury traceable to the challenged actions of Brigadoon, therefore, Plaintiff lacks standing under Article III of the U.S. Constitution, and this Court lacks subject matter jurisdiction in this case.

7.    This Court has personal jurisdiction over Defendants because Defendants transact business within this judicial district, have made contacts within this judicial district, and/or have committed tortious acts within this judicial district.

**ANSWER:**    For purposes of this action only, Brigadoon states that it is not contesting personal jurisdiction.    Brigadoon denies the allegation that it has committed tortious acts within this judicial district.

**PARTIES**

8.    Plaintiff, GORSS MOTELS, INC., is a Connecticut corporation.

**ANSWER:**    Brigadoon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies the allegations.

9.    On information and belief, Defendant, BRIGADOON FITNESS INC. is an Indiana corporation.

**ANSWER:**    Admitted.

10.    On information and belief, Defendant, BRIGADOON FINANCIAL, INC., is an Indiana corporation.

**ANSWER:**    Admitted.

11.    JOHN DOES 1-5 will be identified through discovery, but are not presently known.

**ANSWER:**    Brigadoon lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and, therefore, denies the allegations.

**FACTS**

12.    On information and belief, on or about April 17, 2013, Defendants transmitted by telephone facsimile machine an unsolicited facsimile to Plaintiff.  A copy of the facsimile is attached hereto as Exhibit A.

**ANSWER:**    Denied.

13.    On information and belief, Defendants receive some or all of the revenues from the sale of the products, goods and services advertised on Exhibit A, and Defendants profit and benefit from the sale of the products, goods and services advertised on Exhibit A.

**ANSWER:**    Denied.

14.    Plaintiff had not invited or given permission to Defendants to send the fax.

**ANSWER:**    Denied.

15.    On information, and belief, Defendants faxed the same and other unsolicited facsimiles without required opt-out language to Plaintiff and more than 25 other recipients or sent the same and other advertisements by fax with the required opt-out language but without first receiving the recipients' express invitation or permission.

**ANSWER:**    Denied

16.    There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes.  Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

**ANSWER:**    Denied

17.    Defendants' facsimile attachment as Exhibit A did not display a proper opt-out notice as required by 47 C.F.R. § 64.1200.

**ANSWER:**    Denied.

## CLASS ACTION ALLEGATIONS

18.    In accordance with Fed. R. Civ. P. 23(b)(1), (b)(2) and (b)(3), Plaintiff brings this

class action pursuant to the JFPA, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability or quality of any property,
> goods, or services by or on behalf of Defendants, and (3) from
> which Defendants did not have prior express invitation or
> permission, or (4) which did not display or proper opt-out notice.

Excluded from the Class are the Defendants, their employees, agents and members of the

Judiciary.   Plaintiff seeks to certify a class which include but are not limited to the fax

advertisements sent to Plaintiff.  Plaintiff reserves the right to amend the class definition upon

completion of class certification discovery.

**ANSWER:**   Brigadoon admits that Plaintiff purports to bring this action as a class

action, but denies that it is appropriate for certification as a class action, and further denies the

remaining allegations of this paragraph.

19.    Class Size (Fed. R. Civ. P. 23(a)(1)):  Plaintiff is informed and believes, and upon

such information and belief avers, that the number of persons and entities of the Plaintiff Class is

numerous and joinder of all members is impracticable.  Plaintiff is informed and believes, and

upon such information and belief avers, that the number of class members is at least forty.

**ANSWER:**   Brigadoon admits that Plaintiff purports to bring this action as a class

action, but denies that it is appropriate for certification as a class action, and further denies the

remaining allegations of this paragraph.

20.    Commonality (Fed. R.Civ. P. 23 (a) (2)): Common questions of law and fact apply to the claims of all class members, Common material questions of fact and law include, but are not limited to, the following:

(a)    Whether the Defendants sent unsolicited fax advertisements;

(b)    Whether Defendants' faxes sent to other persons, not the Plaintiff, constitute advertisements;

(c)    Whether the Defendants' faxes advertised the commercial availability or quality of property, goods, or services;

(d)    The manner and method the Defendants used to compile or obtain the list of fax numbers to which they sent Exhibit A, other unsolicited faxed advertisements or other advertisements without the required opt-out language;

(e)    Whether the Defendants faxed advertisements without first obtaining the recipient's prior invitation or permission;

(f)    Whether the Defendants sent the faxed advertisements knowingly;

(g)    Whether the Defendants violated the provisions of 47 U.S.C. § 227 and the regulations promulgated thereunder;

(h)    Whether the faxes contain an "opt-out notice" that complies with the requirements of § (b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements;

(i)    Whether the Defendants should be enjoined from faxing advertisements in the future;

(j)    Whether the Plaintiff and other members of the class are entitled to statutory damages; and

8

(k)    Whether the Court should award treble damages.

**ANSWER:**    Denied.

21.    <u>Typicality (Fed. R. Civ. P. 23 (a) (3))</u>:  The Plaintiff's claims are typical of the claims of all class members.  The Plaintiff received the same or similar faxes as the faxes sent by or on behalf of the Defendants advertising products, goods and services of the Defendants during the Class Period.  The Plaintiff is making the same claims and seeking the same relief for itself and all class members based upon the same federal statute.  The Defendants have acted in the same or in a similar manner with respect to the Plaintiff and all the class members by sending Plaintiff and each member of the class the same or similar faxes or faxes which did not contain the proper opt-out language or were sent without prior express invitation or permission.

**ANSWER:**    Denied.

22.    <u>Fair and Adequate Representation (Fed. R. Civ. P. 23 (a) (4))</u>:  The Plaintiff will fairly and adequately represent and protect the interests of the class.  It is interested in the matter, has no conflicts, and has retained experienced class counsel to represent the class.

**ANSWER:**    Brigadoon lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies the allegations.

23.    <u>Need for Consistent Standards and Practical Effect of Adjudication (Fed. R. Civ. P. 23 (b) (1))</u>:  Class certification is appropriate because the prosecution of individual actions by class members would:  (a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for the Defendants, and/or (b) as a practical matter, adjudication of the Plaintiff's claims will be dispositive of the interests of class members who are not parties.

**ANSWER:**    Denied.

24.    <u>Common Conduct (Fed. R. Civ. P. 23 (b) (2))</u>:    Class certification is also appropriate because the Defendants have acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate. The Plaintiff demands such relief as authorized by 47 U.S.C. §227.

**ANSWER:**    Denied.

25.    <u>Predominance and Superiority (Fed. R. Civ. P. 23 (b) (3))</u>:    Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

(a)    Proof of the claims of the Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

(b)    Evidence regarding defenses or any exceptions to liability that the Defendants may assert and attempt to prove will come from the Defendants' records and will not require individualized or separate inquiries or proceedings;

(c)    The Defendants have acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

(d)    The amount likely to be recovered by individual class members does not support individual litigation.  A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

(e)    This case is inherently manageable as a class action in that:

(i)      The Defendants identified persons to receive the fax transmissions and it is believed that the Defendants' and/or Defendants' agents' computers and business records will enable the Plaintiff to readily identify class members and establish liability and damages;

(ii)     Liability and damages can be established for the Plaintiff and the class with the same common proofs;

(iii)    Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

(iv)     A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, efforts and expense;

(v)      A class action will contribute to uniformity of decisions concerning the Defendants' practices; and

(vi)     As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

**ANSWER:**    Denied.


**Claim for Relief for Violation of the JFPA, 47 U.S.C. § 227 et seq.**

26.    The JFPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimiles machine, an unsolicited advertisement . . . ."  47 U.S.C. § 227(b)(1)(C).

**ANSWER:**    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Brigadoon admits that the referenced statute contains the

language quoted in this paragraph. Brigadoon refers to the referenced statute for its actual language and complete content. Brigadoon otherwise denies the allegations of this paragraph.

27. The JFPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227 (a) (5).

**ANSWER:** This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Brigadoon admits that the referenced statute contains the language quoted in this paragraph. Brigadoon refers to the referenced statute for its actual language and complete content. Brigadoon otherwise denies the allegations of this paragraph.

28. **Opt-Out Notice Requirements**. The JFPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in § (b)(1)(C)(iii) of the Act, that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains the following among other things (hereinafter collectively the "Opt-Out Notice Requirements"):

(1) A statement that the recipient is legally entitled to opt-out of receiving future faxed advertisements – knowing that he or she has the legal right to request an opt-out gives impetus for recipients to make such a request, if desired;

(2) A statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful – thereby encouraging recipients to out-out, of they did not want future faxes, by advising them that there opt-out requests will have legal "teeth";

(3)    A statement advising the recipient that he or she may opt-out with respect to all of his or her facsimile telephone numbers and not just the ones that received a faxed advertisement from the sender – thereby instructing a recipient on how to make a valid out-out request for all of his or her fax machines;

(4)    The opt-out language must be conspicuous.

The requirement of (1) above is incorporated from § (b)(D)(ii) of the Act. The requirement of (2) above is incorporated from § (b)(D)(ii) of the Act and the rules and regulations of the Federal Communications Commission (the "FCC") in ¶ 31 of its 2006 Report and Order (*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act, Junk Prevention Act of 2005*, 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effort on August 1, 2006. The requirements of (3) above are contained in § (b)(2)(E) of the Act and incorporated into the Opt-Out Notice Requirements via § (b)(2)(D)(ii). Compliance with the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important consumer protections of bestowed by Congress upon the owners of the telephone lines and fax machines giving them the right, and means, to stop unwanted faxed advertisements.

**ANSWER:**    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Brigadoon refers to the referenced statute for its actual language and complete content. Brigadoon otherwise denies the allegations of this paragraph.

29.    **2006 FCC Report and Order**. The JFPA, in § (b)(2) of the Act, directed the FCC to implement regulations regarding the JFPA, including the JFPA's Opt-Out Notice Requirements and the FCC did so in its 2006 Report and Order, which in addition provides among other things:

A.      The definition of, and the requirements for, an established business relationship for purposes of the first of the three prongs of an exemption to liability under § (b)(1)(C)(i) of the Act and provides that the lack of an "established business relationship" precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 8-12 and 17-20);

B.      The required means by which a recipient's facsimile telephone number must be obtained for purposes of the second of the three prongs of the exemption under § (b)(1)(C)(ii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 13-16);

C.      The things that must be done in order to comply with the Opt-Out Notice Requirements for the purposes of the third of the three prongs of the exemption under § (b)(1)(C)(iii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 24-34);

D.      The failure of a sender to comply with the Opt-Out Notice Requirements precludes the sender from claiming that a recipient gave "prior express invitation or permission" to receive the sender's fax (*See* Report and Order ¶ 48).

As a result thereof, a sender of a faxed advertisement who fails to comply with the Opt-Out Notice Requirements has, by definition, transmitting an unsolicited advertisement under the JFPA. This is because such a sender can neither claim that the recipients of the faxed advertisement gave "prior express invitation or permission" to receive the fax nor can the sender claim the exemption from liability contained in § (b)(C)(1) of the Act.

14

**ANSWER:**    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Brigadoon admits that the referenced statute contains the language quoted in this paragraph.  Brigadoon refers to the referenced statute for its actual language and complete content.  Brigadoon otherwise denies the allegations of this paragraph.

30.    **The Fax**.  Defendants sent the advertisement on or about April 17, 2013, via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone lines and facsimile machines of Plaintiff and members of the Plaintiff Class.  The Fax constituted an advertisement under the Act.  Defendants failed to comply with the Opt-Out Requirements in connection with the Fax.  The Fax was transmitted to persons or entities without their prior express invitation or permission and/or Defendants are precluded from asserting any prior express invitation or permission or that Defendants had an established business relationship with Plaintiff and other members of the class, because of the failure to comply with the Opt-Out Notice Requirements.  By virtue thereof, Defendants violated the JFPA and the regulations promulgated thereunder by sending the Fax via facsimile transmission to Plaintiff and members of the Class.  Plaintiff seeks to certify a class which includes the fax and all others sent during the four years prior to the filings of this case through the present.

**ANSWER:**    Denied.

31.    **Defendants' Other Violations**.  Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, Defendants have sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines of members of the Plaintiff Class other faxes that constitute advertisements under the JFPA that

were transmitted to persons or entities without their prior express invitation or permission (and/or that Defendants are precluded from asserting any prior express invitation or permission or that Defendants had an established business relationship because of the failure to comply with the Opt-Out Notice Requirements in connection with such transmissions). By virtue thereof, Defendants violated the JFPA and the regulations promulgated thereunder. Plaintiff is informed and believes, and upon such information and belief avers, that Defendants may be continuing to send unsolicited and advertisements via facsimile transmission in violation of the JFPA and the regulations promulgated thereunder, and absent intervention by the Court, will do so in the future.

**ANSWER:**    Denied.

32.    The TCPA/JFPA provides a private right of action to bring this action on behalf of Plaintiff and the Plaintiff Class to redress Defendants' violations of the Act, and provides for statutory damages.  47 U.S.C. § 227(b)(3).  The Act also provides that injunctive relief is appropriate. *Id*.

**ANSWER:**    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Brigadoon refers to the statute referenced in this paragraph for the actual language and complete content.  Brigadoon otherwise denies the allegations of this paragraph.

33.    The JFPA is a strict liability statute, so the Defendants are liable to the Plaintiff and other class members even if their actions were only negligent.

**ANSWER:**    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Brigadoon refers to the statute referenced in this paragraph

16

for the actual language and complete content.  Brigadoon otherwise denies the allegations of this paragraph.

34.    The Defendants knew or should have known that (a) the Plaintiff and the other class members had not given express invitation or permission for the Defendants or anybody else to fax advertisements about the Defendants' products, goods or services; (b) the Plaintiff and the other class members did not have an established business relationship; (c) Defendants transmitted advertisements; (d) the Faxes did not contain the required Opt-Out Notice; and (E) Defendants' transmission of advertisements that did not contain the required opt-out notice or were sent without prior express invitation or permission was unlawful.

**ANSWER:**    Denied.

35.    The Defendants' actions caused damages to the Plaintiff and the other class members.  Receiving the Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of the Defendants' faxes.  Moreover, the Defendants' faxes used the Plaintiff's and the other class members time, as the Plaintiff and the other class members and their employees wasted their time receiving, reviewing and routing the Defendants' unauthorized faxes.  That time otherwise would have been spent on the Plaintiff's and the other class members' business activities.  The Defendants' faxes unlawfully interrupted the Plaintiff's and other class members' privacy interests in being left alone.

**ANSWER:**    Denied.

**AFFIRMATIVE DEFENSES**

1.    Plaintiff fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred, in whole or in part, because Plaintiff had an established business relationship with Brigadoon and Plaintiff consented and gave Brigadoon prior express permission or consent to send the facsimile of which it now complains.

3.      Plaintiff's claims are barred, in whole or in part, because the Federal Communications Commission's regulations regarding the enforcement of the TCPA and JFPA are invalid.  The regulations are arbitrary and capricious, unsupported by the record, and/or exceed the FCC's statutory authority.  For example, the FCC's regulations requiring opt out notices on facsimiles sent to customers who have provided prior express permission or consent to receive communications by facsimile is invalid.  Moreover, Brigadoon has filed a retroactive petition with the FCC, pursuant to its October 30, 214 Order, 29 FCC Rcd. 13, 998, to obtain a retroactive waiver of its opt out notice regulations.

4.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

5.      Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel and/or unclean hands.  Brigadoon reasonably relied, in good faith, on Plaintiff's prior conduct indicating its consent to receive the facsimile of which Plaintiff now complains.

6.      Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

7.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's waiver.

8.      Plaintiff's claims are barred, in whole or in part, because Plaintiff has suffered no injury in fact and lacks standing under Article III of the U.S. Constitution.

9.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

10.     Plaintiff's claims are barred, in whole or in part, because the damages provisions under the TCPA and JFPA (and any associated regulations) violate the due process clause of the Fifth and Fourteenth Amendments to the U.S. Constitution.

11.     Plaintiff's claims are barred, in whole or in part,  because the damages provisions under the TCPA and JFPA (and any associated regulations) violate the Eighth and Fourteenth Amendments to the U.S. Constitution by imposing excessive fines that are wholly disproportionate to any *de minimus* harm.

12.     Plaintiff's claims are barred, in whole or in part, because the TCPA violates the First Amendment to the U.S. Constitution as an overly broad prohibition against free speech on its face and as applied.

13.     Plaintiff's claims are barred, in whole or in part, because the facsimile at issue is not an unsolicited advertisement as defined by the JFPA/TCPA.

14.     Plaintiff's claims are barred, in whole or in part, because any recovery awarded to Plaintiff would constitute unjust enrichment.

15.     Brigadoon reserves the right to assert additional defenses upon further investigation of plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and upon the development of other pertinent information.

WHEREFORE, Defendants pray that Plaintiff takes nothing by reason of its Complaint, that judgment be entered against Plaintiff and in favor of Defendants, that Defendants recover all expenses and costs in connection with this lawsuit, and that the Court grant Defendants such other and further relief as it deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Defendants hereby demand trial by jury on all issues so triable.


Dated:   November 8, 2016


Respectfully submitted,


 s/ *D. Randall Brown*
D. Randall Brown (#15127-49)
(*randy.brown@btlaw.com*)
Jason T. Clagg (#24123-02)
(*jason.clagg@btlaw.com*)
**Barnes & Thornburg LLP**
888 S. Harrison Street
Suite 600
Fort Wayne, Indiana 46802
Telephone:  (260) 423-9440
Facsimile:  (260) 424-8316

Steven R. Shine (#299-02)
(*sshine@shineandhardin.com*)
Justin T. Molitoris (#32076-02)
(*jmolitoris@shineandhardin.com*)
**SHINE & HARDIN LLP**
2810 Beaver Avenue
Fort Wayne, Indiana  46807
Telephone:  (260) 745-1970
Facsimile:  (260) 744-5411

ATTORNEYS FOR DEFENDANTS,
BRIGADOON FITNESS INC. and
BRIGADOON FINANCIAL, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2016, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which sent notice of such filing to the following:

> Brian J. Wanca
> **Anderson + Wanca**
> 3701 Algonquin Road, Suite 500
> Rolling Meadows, IL  60008


*s/ D. Randall Brown*

DMS 4372205v1