# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| GORSS MOTELS, INC., a Connecticut corporation, individually and as the representative of a class of similarly-situated persons, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) CASE NO.: 1:16-CV-330-HAB |
| BRIGADOON FITNESS INC., an Indiana corporation, BRIGADOON FINANCIAL, INC., an Indiana corporation, and John Does 1–5, | )<br>)<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

The Plaintiff, Gorss Motels, Inc., individually and on behalf of all others similarly situated, alleges that the Defendants violated the Telephone Consumer Protection Act (TCPA) of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227. Section 227(b)(1)(C) of Title 47 of the United States Code makes it unlawful to send an unsolicited advertisement by fax unless it contains a notice that informs the recipient how to "opt out" of future advertisements and provides a cost-free mechanism by which the recipient can do so. The Plaintiff seeks to certify a class of members to whom an advertisement was successfully faxed on April 17, 2013. The Defendants oppose class certification on the ground that some, if not all, of the purported class members consented to receipt of the fax, and "opt out" notices are not required on advertisements that have been solicited. Therefore, the Defendants argue, the class definition is overbroad because it includes members against whom the Defendant cannot be liable. Additionally, determining who consented to receipt of a fax would, according to the Defendants, predominate over any issues common to the class.

**BACKGROUND**

Brigadoon Fitness is a licensed distributor of commercial fitness equipment and accessories to the hospitality industry. In August 2012, Brigadoon acquired Hotel Fitness Club, Inc., and continues to operate under the Hotel Fitness name. At the time of this acquisition, Hotel Fitness was subject to a Sourcing Agreement with Worldwide Sourcing Solutions, Inc. ("WSSI"), a wholly-owned subsidiary of Wyndham Worldwide Corporation and an affiliate of Wyndham Hotel Group, LLC ("Wyndham"). Wyndham is party to multiple franchise agreements in the hospitality industry, and assists WSSI in negotiating contracts with various third parties. Brigadoon's acquisition of Hotel Fitness made it a party to the Sourcing Agreement, which allowed it to sell fitness equipment to Wyndham franchisees through various Wyndham marketing programs. Periodically, Brigadoon received customer information from Wyndham, including fax numbers "for [Brigadoon's] use and reference." (DE 60-1 at 21.)

Brigadoon also had contractual relationships with other entities such as Interstate Hotels Group, Best Western, Choice Hotels, and La Quinta chains, each of which had their own contractual relationships with franchisees. These hospitality chains also periodically provided Brigadoon with franchise information, including fax numbers.

The Plaintiff is a former Wyndham franchisee that operated a Super 8 motel. As part of its relationship with Wyndham, the Plaintiff made some of its information available for directories, including its fax number. As a result, members of the public were able to contact the Plaintiff along with other Wyndham franchisees. The Plaintiff, through Steven Gorss, also attended annual conventions where he provided contact information to Wyndham-approved suppliers, including a convention that took place in 2012.

The Plaintiff alleges that he received an unsolicited fax from Brigadoon on April 17, 2013, as part of a broadcast that successfully transmitted via fax to over 10,000 recipients. The fax did not contain an "opt-out notice" that informed recipients how to opt out of future faxes. Brigadoon synthesized its fax list (the "April 2013 Fax List") from numbers it obtained from Wyndham as part of the Sourcing Agreement; existing or potential customers with whom Brigadoon had previously interacted; franchisees of major hotel chains with which Brigadoon had vendor status; hotels operating under common management or that were members or customers of a large purchasing network known as the National Purchasing Network; and trade show attendees.

The Plaintiff initiated this lawsuit pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of itself and all other similarly situated as members of the following proposed class:

> All persons or entities who were successfully sent a Fax on April 17, 2013, stating, "ANY 2 CARDIO = FREE SANITATION STATION," listing "Hotel Fitness A Brigadoon Fitness Company" as the vendor, and containing the phrase "Let Us Help You Design Your Fitness Room! 800.291.0403 Call today to talk to one [of] our trained experts."

The Plaintiff seeks monetary damages and an injunction on behalf of himself and the class.

## LEGAL STANDARD

"Rule 23 does not set forth a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). Instead, plaintiffs bear the burden to show that a proposed class satisfies Rule 23. *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 14-C-5602, 2017 WL 4339788, at *2 (N.D. Ill. Sep. 29, 2017) (citing *Messner v. Northshore Univ. Healthsystem*, 669 F.3d 802, 811 (7th Cir. 2012)). A plaintiff satisfies Rule 23 when he meets all of the

requirements of Federal Rule of Civil Procedure 23(a) and one of the requirements of Rule 23(b). *See* Fed. R. Civ. P. 23; *Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992).

First, the plaintiff must show:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)(1)–(4); *Kress v. CCA of Tenn., LLC*, 694 F.3d 890, 892–93 (7th Cir. 2012). Additionally, the Seventh Circuit has held that a class must be sufficiently defined so that the class is identifiable. *All. to End Repression v. Rochford*, 565 F.2d 975, 977 (7th Cir. 1977); *see also Simer v. Rios*, 661 F.2d 655, 669 (7th Cir. 1981) ("It is axiomatic that for a class action to be certified, a 'class' must exist."); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). If a plaintiff meets these four prerequisites, the plaintiff then must also satisfy one of the subsections of Rule 23(b). Here, the Plaintiff aims to satisfy Rule 23(b)(3), which is satisfied if:

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

4

Fed. R. Civ. P. 23(b)(3); *Harper v. Sheriff of Cook Cty.*, 581 F.3d 511, 513 (7th Cir. 2009).

A plaintiff who fulfills both conditions of Rule 23 is entitled to class certification. *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) ("[Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action."). However, as stated previously, Rule 23 "does not set forth a mere pleading standard"; rather, a plaintiff "must affirmatively demonstrate his compliance with the Rule [and] be prepared to prove" its requirements. *Wal-Mart Stores*, 564 U.S. at 350. Importantly, "the party seeking class certification assumes the burden of demonstrating that certification is appropriate." *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584 (7th Cir. 1993) (citing *Trotter v. Klincar*, 748 F.3d 1177 (7th Cir. 1984)). "Failure to meet any of the Rule's requirements precludes class certification." *Arreola v. Godinez*, 546 F.3d 788, 794 (7th Cir. 2008).

In deciding whether Rule 23 has been satisfied, the district court undertakes "a rigorous analysis" by making the necessary factual and legal inquiries. *Wal-Mart Stores*, 564 U.S. at 350; *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001). This analysis may require some overlap with the merits of the Plaintiff's underlying claim. *Wal-Mart Stores*, 564 U.S. at 351.

## ANALYSIS

The Plaintiff seeks to certify a class of individuals defined as:

> All persons or entities who were successfully sent a Fax on April 17, 2013, stating, "ANY 2 CARDIO = FREE SANITATION STATION," listing "Hotel Fitness A Brigadoon Fitness Company" as the vendor, and containing the phrase "Let Us Help You Design Your Fitness Room! 800.291.0403 Call today to talk to one [of] our trained experts."

(Pl. Mot. for Class Certification at 2, ECF No. 57.) The Plaintiff contends that the April 17 facsimiles were an "unsolicited advertisement" in violation of the TCPA. Although the Plaintiff

originally argued that even solicited faxes would violate the TCPA for failure to include opt-out language, the Seventh Circuit has since decided that it is necessary "to distinguish between faxes sent with the permission of the recipient and those that are truly unsolicited" because the TCPA does not require opt-out notices on solicited faxes. *Brodsky v. HumanaDental Ins. Co.*, 910 F.3d 285, 291 (7th Cir. 2018). An "unsolicited advertisement" is defined as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person *without that person's prior express invitation or permission*, in writing or otherwise." 47 U.S.C. § 227(a)(5) (emphasis added).

As stated above, to certify the class, the Plaintiff must first satisfy the four familiar Rule 23(a) requirements: numerosity, commonality, typicality, and adequacy. Fed. R. Civ. P. 24(a)(1)–(4). The Defendants assert that the Plaintiff cannot meet the commonality, typicality, and adequacy requirements of Rule 23(a), but does not challenge the numerosity requirement. As to Rule 23(b)(3), the Defendants argue that due to the necessity of individual determinations, a class action is not a superior method for litigating this action.

Most of the Defendants' arguments are premised upon the same idea: the class, as defined, is over-inclusive because it fails to distinguish between recipients who received *solicited* advertisements or at least granted permission to the Defendants for such advertisement and those who did not solicit advertisements, and that recipients who solicited the advertisements have no cause of action under *Brodsky*. Thus, individual inquiries regarding whether each putative class member solicited advertisements or granted permission is based on the individual relationships between the recipients of the fax and the Defendants and therefore predominates over any other issues that may be common to the class. Similarly, the Defendants argue that the Plaintiff's claim is not typical of the class because the Plaintiff is subject to the Defendants' solicitation defense,

6

and determining whether other class members are subject to that defense requires an individualized inquiry. The Defendants' argument regarding the superiority of class litigation to the instant dispute is likewise dependent on the individualized inquiry issue. Finally, as to the adequacy requirement, the Defendants argue that significant credibility issues with regard to the Plaintiff and the Plaintiff's counsel's conduct indicates that neither the Plaintiff nor its counsel will be able to effectively represent the class.

The parties spend a significant portion, if not the majority, of their briefing on whether the issue of consent to receive the faxes precludes certification of the class. Because the Court finds that this issue is dipositive of the class certification inquiry, it will not address the parties' remaining arguments.

Commonality requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "A common nucleus of operative fact is usually enough to satisfy the commonality requirement of Rule 23(a)(2)." *Rosarioa v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). Commonality also "requires the plaintiff to demonstrate that the class members have suffered the same injury" and that their claims "depend upon a common contention . . . capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal–Mart*, 564 U.S. at 349–50. "Although a court need only find a single common question of law or fact . . . the mere occurrence of all plaintiffs suffering as a result of a violation of the same provision of law is not enough." *Bell*, 800 F.3d at 374.

Rule 23(b)(3)'s predominance requirement is related to commonality but is "far more demanding." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623–24 (1997). The "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by

representation." *Tyson Foods, Inc. v. Bouaphakeo*, — U.S. — 136 S. Ct. 1036, 1045 (2016) (quoting *Amchem Prods.*, 521 U.S. at 623). "This calls upon courts to give careful scrutiny to the relation between common and individual questions in a case." *Id.* "An individual question is one where 'members of a proposed class will need to present evidence that varies from member to member,' while a common question is one where 'the same evidence will suffice for each member to make a prima facie showing or the issue is susceptible to generalized, class-wide proof.'" *Id.* (quoting 2 W. Rubenstein, *Newberg on Class Actions* § 4:50, pp. 196–197 (5th ed. 2012)) (alteration omitted). "The predominance inquiry asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *Id.* (citation and internal quotation marks omitted); *see also Kleen Prods. LLC v. Int'l Paper Co.*, 831 F.3d 919, 925 (7th Cir. 2016) ("Predominance is satisfied when common questions represent a significant aspect of a case and can be resolved for all members of a class in a single adjudication." (citation, internal quotation marks, and alteration omitted)). If "one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members." *Tyson Foods*, 136 S. Ct. at 1045 (citation omitted).

Whether a fax was sent without express permission is a necessary element to recovery under the TCPA. It is a question common to the class only if similar evidence and methodology will suffice to answer the question for each member or the issue is susceptible to generalized, class-wide proof. It is an individual question if members of the proposed class will need to present evidence that varies from member to member.

The 2013 Fax List included fax numbers obtained through Brigadoon's status as a Wyndham approved supplier. Had all the fax numbers been obtained through this same method, answering whether that method constitutes express invitation or permission would not require a case by case determination. However, the April 2013 Fax List also contained recipients who were past or present customers with contact information housed in Brigadoon's accounting systems, or who attended trade conventions as hotel representatives and permitted Brigadoon to scan their identification badges with their contact information.

Determining which of the hundreds of customers in Brigadoon's accounting system provided permission for Brigadoon to send facsimiles, and the status of any permission, would require an individualized inquiry that could not be resolved for all members of a class in a single adjudication. Likewise, determining whether the fax numbers obtained from attendees of trade conventions were the result of prior permission would require inquiry into each attendee's circumstances. Some attendees gave Brigadoon oral permission that was memorialized in Brigadoon's database. Brigadoon was also an approved vendor for other hotel chains, and obtained fax numbers through a National Purchasing Network.

Brigadoon has provided more than vague assertions about prior permission and the methods used to obtain it. *Cf. G.M. Sign, Inc. v. Finish Thompson, Inc.*, No. 07 C 5953, 2009 WL 2581324, at *5 (N.D. Ill. Aug. 20, 2009) (noting that defendant who did not review fax list could not "defeat class certification by asserting the vague possibility that some of the individuals on the anonymous lists" procured by an entity that did not seek permission to send the faxes "may have perchance consented to receiving the fax"). While they may not all hold up as constituting prior permission, there is no generalized proof that can be used to resolve the issue of prior permission on a class-wide basis across the various methods Brigadoon used to obtain fax numbers. *Cf.*

*Wolfkiel v. Intersections Ins. Servs. Inc.*, 303 F.R.D. 287, 294 (N.D. Ill. 2014) (noting that the issue of individual consent could be addressed on a class-wide basis where the source of the contact information for all of the recipients of unwanted faxes was a single "leads" list); *Hinman v. M & M Rental Ctr., Inc.*, 545 F. Supp. 2d 802, 807 (N.D. Ill. 2008) (finding common question where "[t]he fax broadcasts at issue were sent *en masse* to recipients identified on a singular 'leads' list obtained from a singular source.").

The proposed class is not sufficiently cohesive to warrant adjudication by representation, but rather, presents the specter of unlimited mini-trials to determine the precise nature of the varying relationships and whether express permission had been granted. Because common issues of fact do not predominate, the Court finds that the Plaintiff has not satisfied its burden of demonstrating by a preponderance of the evidence that class certification is superior to other available methods for the fair and efficient adjudication of the controversy.

## CONCLUSION

For the reasons stated above, the Court DENIES the Plaintiff's Motion for Class Certification [ECF No. 57].

SO ORDERED on May 20, 2019.

                                           s/ *Holly A. Brady*
                                           JUDGE HOLLY A. BRADY
                                           UNITED STATES DISTRICT COURT