UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| GORSS MOTELS, INC., a Connecticut corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO.: 1:16-CV-330-HAB |
| BRIGADOON FITNESS INC., an Indiana corporation, BRIGADOON FINANCIAL, INC., an Indiana corporation, and John Does 1–5, | ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Once state-of-the-art, the traditional fax machine and its resulting facsimile communication have gone the way of the dinosaur, or so we thought. They are rebirthed in this litigation, however, as Plaintiff, Gorss Motels ("Gorss") sued Defendant Brigadoon Fitness, Inc. ("Brigadoon") for transmitting a single "junk fax" in 2013 in violation of the Telephone Consumer Protection Act (TCPA) of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227.

Presently before the Court is the Defendants' Motion for Leave to File Amended Answer and Affirmative Defenses (ECF No. 132) filed on April 27, 2020. Gorss responded in opposition on May 11, 2020 to which Brigadoon replied on May 18, 2020. For the following reasons, the Defendants' motion will be GRANTED.

**APPLICABLE STANDARD**

Federal Rule of Civil Procedure 15(a) provides that a party may amend the party's pleading only by leave of court or by written consent of the adverse party and that leave shall be freely given when justice so requires. Because pleadings merely serve to put the opposing side on notice, they

should be amended freely as the case develops, as long as amendments do not unfairly surprise or prejudice the opposing party. Rule 15(a); *Jackson v. Rockford Housing Authority*, 213 F.3d 389, 390 (7th Cir. 2000). The decision to deny leave to amend a pleading is an abuse of discretion only if no reasonable person could agree with the decision. *Winters v. FruCon, Inc*., 498 F.3d 734, 741 (7th Cir. 2007) (quoting *Butts v. Aurora Health Care, Inc*., 387 F.3d 921, 925 (7th Cir. 2004)); *Ajayi v. Aramark Business Services*, 336 F.3d 520, 530 (7th Cir. 2003).

Leave to amend properly may be denied at the district court's discretion for "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Gandhi v. Sitara Capital Management*, 721 F.3d 865, 868-869 (7th Cir. 2013).

With respect to futility, it is generally measured by whether the amendment would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Bethany Phamacal Company, Inc. v. QVC, Inc.,* 241 F.3d 854, 861 (7th Cir. 2001); *Range v. Brubaker,* 2009 WL 3257627, at *3 (N.D. Ind. 2009). If the proposed amendment is not clearly futile, denying leave to amend on this ground would be improper. *See* Wright & Miller, 6 Federal Practice & Procedure § 1487, at 637-642 (2d ed. 1990) ("If the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend."). The court in considering whether the amendment is futile considers the legal sufficiency of the defense, not the merits. *Ellmann v. Amsted Rail Co., Inc.*, No. 2:17-CV-361, 2018 WL 1725494, at *2 (N.D. Ind. Apr. 9, 2018).

**PROCEDURAL BACKGROUND**

On September 13, 2016, Gorss filed its Class Action Complaint (ECF No. 1) against Brigadoon. On November 8, 2016, Brigadoon filed its Answer and Affirmative Defenses to Gorss' Complaint (ECF NO. 17). Thereafter, Gorss filed its Motion for Class Certification (ECF No. 57) and on May 21, 2019, the Court denied the motion. On November 4, 2019, this Court denied both Gorss' motion to reconsider the order on class certification and its amended motion for class certification (ECF No. 126). On December 11, 2019, the Court lifted a previously ordered stay of discovery and set a discovery deadline of February 28, 2020. The parties indicated that they anticipated the filing of cross-motions for summary judgment and requested a single briefing schedule to accomplish this goal. Accordingly, the Court set a dispositive motion deadline of March 31, 2020. (ECF No. 127)

Gorss promptly filed its Motion for Summary Judgment on March 31, 2020 (ECF No. 129). Brigadoon did not. Instead, on April 27, 2020, Brigadoon filed the present motion for leave to amend its answer and affirmative defenses, followed the next day by its cross-motion for summary judgment and response in opposition to Gorss' dispositive motion (ECF No. 133). Gorss moved to strike Brigadoon's cross-motion (ECF No. 135)[1] and filed its opposition to the motion for leave to amend.

**DISCUSSION**

Gorss can fairly be classified as a professional class action plaintiff, having been the named plaintiff in at least seventeen TCPA lawsuits throughout the United States. (DE 65-4, Gorss Dep. 9–10).[2] With such industrious pursuit of alleged violations of the TCPA, it follows that judicial

---

[1] This motion was later withdrawn by agreement of the parties. (ECF No. 139.)
[2] It is "not unlawful to be a professional class action plaintiff" or even to have a "business model" that combines being a "professional class action representative." *CE Design Ltd. v. King Architectural*

3

decisions, both for and against Gorss' interests, would routinely develop. And so it happens here. Brigadoon seeks leave to amend its answer to include a collateral estoppel defense based on the 11th Circuit decision in *Gorss Motels, Inc. v. Safemark Sys., LP,* 931 F.3d 1094 (11th Cir. 2019) ("the Safemark Decision"). That decision, rendered July 26, 2019, held that Gorss gave prior express permission to receive faxes from Safemark by virtue of language contained in Gorss' franchise agreements with Wyndham Hotel Group. Gorss objects to this attempt to amend claiming that Brigadoon unduly delayed in bringing the amendment and, that even if the delay is justified, the amendment is futile.

Gorss' first argument, that of undue delay, initially has some teeth. Brigadoon moved to amend, some nine months after the rendering of the Safemark Decision. Gorss submits that Brigadoon was well aware of the existence of the Safemark Decision as it was referenced by Gorss itself in August 2019 in the briefing in support of its motion to reconsider the denial of class certification and amended motion for class certification. Likewise, the Court specifically mentioned the Safemark Decision in its order denying those motions in November 2019. What Gorss fails to mention, however, is that the case was stayed, with the exception of briefing on those motions, until December 11, 2019, when the Court lifted the stay and permitted discovery to resume. (ECF Nos. 108, 127). So, with that adjustment, the period of delay is approximately four months, certainly not egregious considering "[d]elay alone is usually not a sufficient reason to deny a motion to amend." *Biomet Inc. v. Bonutti Skeletal Innovations LLC*, No. 3:13-CV-176 JVB, 2015 WL 13657627, at *4 (N.D. Ind. Apr. 27, 2015) (citing *Soltys*, 520 F.3d at 743).

Gorss does not assert prejudice from the delay, and rightfully so. "Undue prejudice occurs when the amendment 'brings entirely new and separate claims, adds new parties, or at least entails

---

*Metals, Inc.,* 637 F.3d 721, 724 (7th Cir. 2011)

4

more than an alternative claim or a change in the allegations of the complaint' and when the additional discovery is expensive and time-consuming." *In re Ameritech Corp.*, 188 F.R.D. 280, 283 (N.D. Ill. 2015) (quoting *A. Cherney Disposal Co. v. Chi. & Suburban Refuse Disposal Corp.*, 68 F.R.D. 383, 385 (N.D. Ill. 1975)). As noted, Gorss is the plaintiff in multiple TCPA cases, and, more importantly it is well-versed in the defenses raised against it in those suits so as to anticipate such defenses and their corresponding arguments in others. Moreso where, as here, the case cited as the basis for Brigadoon's motion to amend *is* a case where *Gorss* is the plaintiff. If leave to amend is granted, Gorss will be prejudiced to the extent that it will need to defend against this affirmative defense, a task it has already proven capable of doing by its extensive opposition brief to the present motion. Indeed, in its 26 page opposition brief, 17 of those pages were devoted to arguing the merits of a summary judgment motion on the collateral estoppel defense. However, being required to defend against new allegations made in pleadings is not the sort of prejudice that is undue in the context of amending pleadings. *See Biomet 3i, LLC v. Land*, No. 1:16-cv-125, 2017 WL 510945, at *4 (N.D. Ind. Feb. 8, 2017). If such prejudice were considered undue, then amended pleadings would rarely be permissible. *Reardon v. Short-Elliott Hendrickson, Inc.*, No. 2:17-CV-154-JVB-PRC, 2018 WL 1603381, at *2 (N.D. Ind. Apr. 3, 2018).

      Finally, with respect to its contention related to futility, as set out above, Gorss expended 17 of its 26 page opposition brief discussing the futility of the amendment, *on the merits*. However, "[f]utility, in the context of Rule 15, refers to the inability to state a claim, not the inability of the plaintiff to prevail on the merits." *Schilke v. Wachovia Mortg., FSB*, 758 F. Supp. 2d 549, 554 (N.D. Ill. 2010) (citing *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992)). Indeed, affirmative defenses must provide a short and plain statement of the defense and adequately put the plaintiff on notice of the defense. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir.

1989). Here, the proposed amendment is not clearly futile or legally insufficient. Gorss, as noted *supra*, is fully on notice of the collateral estoppel defense. While collateral estoppel may not win the day on summary judgment, an argument the Court is confident Gorss will emphasize in its summary judgment briefing, it is legally sufficient to survive presently. Therefore, as it would be improper to deny Brigadoon leave to amend its answer, the Court GRANTS Brigadoon's motion. (ECF No. 132.)

## CONCLUSION

Based on the foregoing, the Motion for Leave to Amend Answer and Affirmative Defenses (ECF No. 132) is GRANTED. The CLERK is DIRECTED to file Exhibit 1 to ECF No. 132, Brigadoon's Amended Answer and Affirmative Defenses as a separate docket entry.

SO ORDERED on May 21, 2020.

> s/ *Holly A. Brady*
> JUDGE HOLLY A. BRADY
> UNITED STATES DISTRICT JUDGE